**Manuel F. RAMOS, et al., Plaintiffs,**

v.

**James E. GEDDES, et al., Defendants.**

**Civ. A. No. L–88–59.**

United States District Court,
S.D. Texas,
Laredo Division.

March 28, 1991.

Donato D. Ramos, Laredo, Tex., for plaintiffs.

Fernando D. Gutierrez, Laredo, Tex., Atty. ad litem.

Tom Hermansen, Corpus Christi, Tex., for James E. Geddes, James A. Duff, James G. Gabbard and Dallas H. Dalton, Jr.

Douglas M. Kennedy, Corpus Christi, Tex., for Driscoll Foundation Children's Hosp., a Texas Corp.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending from Defendants Duff, Gabbard, and Dalton are a Motion for Summary Judgment (December 11, 1990) and Motion to Strike Affidavit of Daniel M. Cohen, M.D. (filed March 14, 1991). Defendants contend that Dr. Cohen, in his deposition testimony of November 10, 1990, stated that Defendant Duff had not violated the standard of care applicable to him in the 1986 operation on the minor Hilda Ramos. In response, Plaintiffs have submitted an affidavit by Dr. Cohen, given subsequent to his deposition, wherein he states that his testimony as to the compliance of Dr. Duff with the standard of care for an "assistant surgeon" was taken out of context by Defendants. Defendants move to strike this affidavit, contending that Cohen had been given ample opportunity to state his opinion and that his affidavit was filed solely to avoid summary judgment by creating a fact issue.

The Court has reviewed the disputed deposition and affidavit and disagrees with Defendants. A close reading of the transcript of the deposition indicates that Dr. Cohen was attempting to distinguish between the standard of care typically applicable to an "assistant surgeon" or "surgical assistant", vis-a-vis the "chief surgeon," and the standard of care applicable in the circumstances of the instant case, where Dr. Duff was technically the "assistant" but was a qualified cardiovascular surgeon who was assuming at least a portion of the arterial clamping duties. Dr. Cohen stated:

Once another cardiovascular surgeon is present and ... is applying cross-clamps,

his role in that operation is slightly different from that of a surgical assistant. ... When you start applying clamps to arteries, the role of the assistant assumes a different proportion. Now when one is a fully trained board certified cardiac surgeon and you're assisting a colleague in an operation, then...." Deposition of Daniel M. Cohen, M.D., Nov. 11, 1990, at 95–96. At that point in the deposition, Dr. Cohen was interrupted and the discussion never returned to his delineation of Dr. Duff's role in the operation and the applicable standard of care. Later in the deposition, Dr. Cohen concluded that "Dr. Duff did not violate the standard of care. Dr. Duff was the assistant." Deposition of Cohen at 97. These conclusions, when compared with Cohen's earlier attempt to distinguish Duff's role from that of a typical assistant, create ambiguity as to what "standard of care" Cohen thought he was being asked to apply to Duff. Cohen's affidavit attempts to clarify this confusion that already existed in the deposition testimony.

■■■ On this record it cannot be said "that the issue raised by the contradictory affidavit constituted a sham." *Kennett–Murray Corp. v. Bone*, 622 F.2d 887, 894 (5th Cir.1980) (factually similar to instant case). Not every discrepancy between an affidavit and prior deposition testimony indicates a sham, and use of an affidavit to clarify a deponent's confusion during a deposition is appropriate. *Id.* To the extent there is confusion or contradiction between Dr. Cohen's deposition testimony and affidavit, they present credibility issues that are properly put to the trier of fact. *Dibidale of La. v. American Bank & Trust Co.*, 916 F.2d 300, 307–08 (5th Cir.1990). A genuine issue of fact can be raised by an affidavit even if it conflicts with earlier deposition testimony by the same person. *Id.* at 307. The Court concludes that Dr. Cohen's affidavit was not submitted to create a "sham" issue and was a genuine attempt to explain ambiguities in his deposition testimony.

For these reasons, the Court DENIES Defendants' Motion to Strike the Affidavit of Daniel M. Cohen, M.D., and partially DENIES Defendants' Motion for Summary Judgment to the extent that a genuine issue of material fact remains as to Dr. Duff's alleged negligence in the 1986 operation on Hilda Ramos. Defendants' motion remains pending as to the liability of Drs. Dalton and Gabbard, individually, for the 1986 operation. At hearing on March 6, 1991, Plaintiffs' counsel stated that he would submit a proposed order as to this remaining issue by March 20. As the Court has not received such proposal, it will reserve ruling on this issue until April 5, 1991.